UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SALINA MAYES,

        Plaintiff,

v.                                                    19-CV-355 (JLS)

UNITED STATES POSTAL SERVICE,

        Defendant.

---

## DECISION AND ORDER

On March 15, 2019, Plaintiff Salina Mayes commenced this action under the Federal Tort Claims Act ("FTCA"), asserting a negligence claim against the United States Postal Service ("USPS"). Presently before the Court are Defendant's motion to set aside the default and to dismiss Plaintiff's complaint for insufficient service of process (Dkt. 8), Plaintiff's cross motion to determine that service was proper (Dkt. 14), and Defendant's motion to substitute party (Dkt. 18).

For the reasons that follow, the Court grants Defendant's motion to set aside the default, grants Plaintiff's request for a determination that service was proper, denies Defendant's motion to dismiss for insufficient service of process, and grants Defendant's motion to substitute the United States as defendant.

## BACKGROUND

The following facts are taken from the complaint (Dkt. 1). As is required at this stage of the proceedings, the Court has treated Plaintiff's allegations as true.

Mayes alleges that, on April 9, 2016, she was injured when a USPS employee driving a postal truck rear-ended her.  Dkt. 1, ¶¶ 9-10.  On April 6, 2018, approximately two years after the accident, she filed an administrative claim against the USPS.  *Id.*, at ¶ 5; Dkt. 1, Exh. A.  On January 18, 2019, Mayes received a letter denying the administrative claim.  Dkt. 1, Exh. B.

On March 15, 2019, Mayes filed this lawsuit against USPS.  Dkt. 1.  On April 1, 2019, she filed an affidavit of service, which stated that the summons and complaint was served on United States Postal Service at 1200 William Street in Buffalo, New York.  Dkt. 5.  On November 18, 2019, Mayes requested a clerk's entry of default, Dkt. 6, which was entered on the next day on November 19, 2019, Dkt. 7.  Mayes did not issue a summons to either the U.S. Attorney or the Attorney General of the United States.

On December 12, 2019, USPS filed a motion to set aside the default and to dismiss Mayes's complaint for insufficient service of process.  Dkt. 8.  The grounds for dismissal were based on the failure to serve the Attorney General and the United States Attorney's Office, as required by the Federal Rules of Civil Procedure when the United States is the defendant.  *Id.*, Decl. ¶¶ 8-12.  On January 3, 2020, Mayes filed a response opposing the motion to dismiss and requesting a determination that service was proper.  Dkt. 14.  In this cross motion, Mayes included several affidavits of service reflecting that she had completed service upon the United States on December 31, 2019: by personally serving the United States Attorney for the Western District of New York, and by sending a copies of the

2

summons and complaint via certified mail to the Attorney General in Washington D.C., as well as the Postmaster General and United States Attorney's offices in Washington, D.C.  Dkt. 14, Exhs. E-F.  On January 10, 2020, USPS replied, arguing that Mayes does not dispute service was improper and that Mayes is not entitled to relief under Fed. R. Civ. P. 4(i)(4).  Dkt. 16.

By text order on April 13, 2020, this Court directed the parties to file supplemental briefing on whether *Klein v. Dep't of Veteran Aff.*, 1:18-CV-00360 EAW, 2019 WL 1284270 (W.D.N.Y. Mar. 20, 2019), applies in absence of motion to substitute the United States as defendant.  Dkt. 17.  On April 22, 2020, USPS filed a response as well as a motion to substitute.  Dkts. 18, 19, 20.  On May 1, 2020, Mayes filed a response, Dkt. 21, and on May 5, 2020, USPS filed an additional response, Dkt. 22.

## **DISCUSSION**

### I.   MOTION TO SET ASIDE ENTRY OF DEFAULT

USPS argues that Mayes's claim is not for a sum certain, that Mayes has failed to establish a claim or right to relief against the United States, and that there is good cause to set aside the entry of default because Mayes has failed to serve her complaint properly.  Dkt. 9.  Mayes concedes that the Complaint was not served properly initially and, thus, agrees that the clerk's entry of default may be set aside.  Dkt. 14, Mem. at 2.  Given Mayes's agreement, it is not necessary to address USPS's arguments.  The motion to set aside entry of default, Dkt. 8, is granted.

## II.   MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

### A. Legal Standard

Rule 12(b)(5) provides for dismissal of a claim based on insufficient service of process. Fed. R. Civ. P. 12(b)(5). In assessing a Rule 12(b)(5) motion to dismiss, a court must look "to matters outside the complaint to determine whether it has jurisdiction," *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016), as well as Rule 4, which governs the content, issuance, and service of a summons. *See, e.g.*, *Harmon v. Bogart*, No. 17-CV-1070S, 2019 WL 483836, at *2 (W.D.N.Y. Feb. 7, 2019). The plaintiff bears the burden of proving service was adequate. *See Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting *Preston v. New York*, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002)).

### B. Motion to Dismiss

USPS moves to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Dkt. 8. And Mayes requests an order determining that service was proper. Dkt. 14.

Rule 4(m) provides the general time limit for service: a plaintiff has 90 days from the date the complaint is filed to serve the defendant with the summons and complaint. Fed. R. Civ. P. 4(m).

Rule 4(i)(1) provides that, to serve the United States properly, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

4

>    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
>    (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>    (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Rule 4(i) also contains a cure provision giving parties who are required to serve process on the United States but failed to do so "a reasonable time" to cure such a failure. *See Kurzberg v. Ashcroft*, 619 F.3d 176, 184 (2d Cir. 2010). This provision requires the court to "allow a party a reasonable time to cure its failure to: (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States Attorney or the Attorney General of the United States; or (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4)(A)-(B).

It is well-established that "suits against the United States Postal Service are suits against the United States." *See, e.g.*, *Lombardi v. United States*, No. 15-CV-1047-A, 2016 WL 1604492, at *1 (W.D.N.Y. Apr. 22, 2016) (citing *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484-485 (2006)). The Postal Reorganization Act provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service. *See* 39 U.S.C. § 409(c); *Dolan*, 546 U.S. at 484. The FTCA "waives the sovereign immunity of the United States for certain torts committed by federal employees, including Postal Service employees, within the scope of their

5

employment." *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008). Under the FTCA, district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1).

USPS argues that because the FTCA precludes tort suits against federal agencies, the United States is the only proper defendant in this action and Mayes was required, and failed, to serve the United States in the manner Rule 4 requires. Dkt. 9, at 5-6. USPS further argues that the Rule 4(i)(4) cure provision does not apply. Dkt. 16, at 2-3. Mayes does not dispute that she failed to comply with the requirements of Rule 4(i) initially but argues that she cured the defective service within a reasonable time of learning of the error upon USPS's motion to dismiss. Dkt. 14, Mem. at 3.

Mayes indeed failed to comply with Rule 4(m)'s 90-day service deadline: she commenced this lawsuit on March 15, 2019 but failed to deliver a copy of the summons and complaint on the United States Attorney's Office in this district or send a copy of each to the Attorney General in Washington, D.C., until December 31, 2019. *Id.*; Dkt. 14, Exhs. E-F. This was well after the 90-day deadline. Mayes's attorney avers that he was unaware service was not properly effectuated until he received USPS's motion to dismiss in December 2019, and that Mayes timely served the summons and complaint upon the motion's receipt. Dkt. 14, Decl. ¶¶4, 7, 9-11.

6

Mayes cites several cases to argue that she cured the failure to serve within the reasonable time allowed under Rule 4(i)(4). Dkt. 14, Mem. at 3-5. However, neither provision of Rule 4(i)(4) applies to Mayes's case. Curing under Rule 4(i)(4)(A) is triggered only when a party has served either the United States Attorney or the Attorney General of the United States within the 90-day period, which Mayes did not do. Rule 4(i)(4)(B) applies when a plaintiff has failed to serve under Rule 4(i)(3), which is inapplicable because here Mayes did not sue an officer or employee individually. Thus, the cases Mayes cited do not apply. *See Carthron-Kelly v. Comm'r of Social Security*, No. 5:15-CV-0242, 2017 WL 481436, at *2-3 (N.D.N.Y. Feb. 6, 2017) (allowing the plaintiff to cure failure under Rule 4(1)(4)(A) to serve process on the United States where the plaintiff timely served the United States Attorney, but not the Attorney General); *Boucher v. Potter*, No. 1:04-CV-1541, 2005 WL 1183148, at *4 (S.D. Ind. May 18, 2005) (denying motion to dismiss in a suit against the Postmaster General because the plaintiff had timely served the United States Attorney and could cure service to Attorney General within a reasonable time under Rule 4(i)).

While Mayes has not complied with the 90-day deadline of Rule 4(m) and is not entitled to relief under Rule 4(i)(4), this Court has discretion to grant extensions under Rule 4(m). If a plaintiff fails to effect service within the 90 days under Rule 4(m), the court "must dismiss the action without prejudice against that defendant or order service be made within a specific time." Fed. R. Civ. P. 4(m). But "if the plaintiff shows good cause for the failure, the court must extend the time for service

7

for an appropriate period." *Id.*  Additionally, even in the absence of good cause, this Court may, in its discretion, grant an extension of time to effect proper service.  *See* Fed R. Civ. P. 4(m) advisory committee's note to 1993 amendment (Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."); *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions [to serve] even in the absence of good cause.").

When determining whether to grant a discretionary extension, Second Circuit courts generally consider four factors: "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *Klein*, 2019 WL 1284270, at *2 (citing *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)).

This Court does not reach the issue of whether Mayes demonstrates good cause for the failure to effectuate service because it finds, even in the absence of good cause, it will use its discretion to extend the time allowed to Mayes in light of the relevant factors cited above.  *See id.* at *3 (finding a good cause analysis unnecessary when the court finds a discretionary extension is appropriate even without good cause).

The first factor weighs in favor of Mayes because the statute of limitations would likely bar Mayes's action if refiled.  USPS's letter denying Mayes's

8

administrative claim was mailed on January 18, 2019, *see* Dkt. 1, Exh. B, and she filed this case on March 15, 2019, *see* Dkt. 1.  28 U.S.C. §2401(b) provides that a tort claim against the United States will be "forever barred unless…action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  Plaintiff only had until July 18, 2019, six months after the date of mailing of USPS's administrative determination of denial, to file a timely claim against the United States.  Dkt. 1, Exh. B.  Dismissal of Mayes's claims at this point would result in the barring of remedies, a factor weighing heavily in Mayes's favor.  *See* Dkt. 1, Exh. B. (stating the six-month deadline for filing suit regarding the denial); *see also Millet v. Selip & Stylianou LLP*, No. 15-CV-773, 2020 WL 979787, at *3 (W.D.N.Y. Feb. 28. 2020) (stating that where the limitations period had expired, the plaintiff "unquestionably would be prejudiced by dismissal"); *Klein*, 2019 WL 1284270, at *3 (concluding the statute of limitations factor weighs in favor of granting discretionary extension).  Relief "may be justified…if the applicable statute of limitations would bar the refiled action."  Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

Also weighing in Plaintiff's favor is the Second Circuit's stated preference for resolving disputes on the merits.  *See Millet*, 2020 WL 979787, at *3 (citations omitted).  Furthermore, this is not a case where Mayes has another opportunity to litigate her claim.  *See Harmon*, 2019 WL 483836, at *4 (concluding the first factor regarding statute of limitations weighs against a discretionary extension where the

plaintiff had a parallel, active action in state court against the same defendants for the same incident).

As for the second factor, Defendant concedes that USPS had "some notice" of Mayes's claim due to the administrative claim and correspondence to USPS. Dkt. 22, at 2. But it is undisputed, as Defendant notes, that Mayes failed to timely serve Defendant with process in this case.

As for the third factor, there is nothing to suggest USPS concealed or attempted to conceal the untimely service or defect. *See Millet*, 2020 WL 979787, at *3-4 (noting that the defendant's months-long participation in the lawsuit and delay in filing its motion to dismiss gives rise to an inference of bad faith and effective attempt to conceal the defect in service).

As for the final factor, the Court acknowledges that "any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action," particularly if the defendant has no actual notice of the complaint's existence until after the service period has expired. *See Zapata*, 502 F.3d at 198. Indeed, courts must keep in mind that, "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Id.*

Ordinarily, discretion is exercised when the plaintiff has advanced some colorable excuse for neglect. *Id.*; *see also Klein*, 2019 WL 1284270, at *4 (noting that while the plaintiff's excuse did not rise to the level of good cause, *Zapata* did not establish a per se rule that district courts must require a colorable excuse from

10

plaintiff before exercising Rule 4(m) discretion).  Here, Mayes neglected to follow the applicable rule of procedure for serving the United States, even though her administrative denial letter stated the proper defendant in this case was the United States.  Dkt. 14, Exh, B.  But she has agreed to setting aside the entry of default, lessening the prejudice of USPS in this case.  *See* Dkt. 14, Decl. ¶ 12.  And she promptly made efforts to serve the appropriate offices upon receipt of USPS's motion.  *See Klein*, 2019 WL 1284270, at *3 (distinguishing plaintiff's good-faith efforts to serve the Buffalo United States Attorney's Office before and after discovering the deficiency in service from the plaintiff in *Zapata* who waited two months after the defendant's motion to dismiss to seek extension to properly serve defendants).

This Court acknowledges that the factors are evenly balanced in this case.  Nevertheless, the Court, in its discretion, grants the Rule 4(m) extension here.  On this issue, the Court considers that the Second Circuit has stated that it would not be an abuse of discretion for the district court, even in the absence of good cause, to grant an extension of time to serve where "the dismissal without prejudice in combination with the applicable statute of limitations would result in a dismissal *with* prejudice," provided there are "sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties."  *Zapata*, 502 F.3d at 197 (italics in original));  *see B.J.S. v. State Educ. Dep't/Univ. of State of N.Y.*, No. 07-CV-456A(F), 2011 WL 3651051, at *11-12

(W.D.N.Y. Aug. 18, 2011), *report and recommendation adopted*, 2011 WL 4549192 (W.D.N.Y. Sept. 29, 2011).

On balance, this Court denies Defendant's motion to dismiss, grants Plaintiff an extension of time for service until the date that service was complete on the United States, and declares Plaintiff's late service on Defendant is effective *nunc pro tunc*.

### III.   MOTION TO SUBSTITUTE

As discussed above, the FTCA provides a limited waiver of the United States' sovereign immunity and does not authorize lawsuits against federal agencies. *See* 28 U.S.C. § 2679(a); *see, e.g.*, *Jones v. Fed. Bureau of Investigations*, No. 6:19-cv-06752(MAT), 2019 WL 5550520, at *2 (W.D.N.Y. Oct. 28, 2019) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)).  Thus, this action must be brought against the United States, not USPS. *See Klein*, 2019 WL 1284270, at *4.  Plaintiff concedes that the United States is the proper party defendant.  Dkt. 21, at 3.  Accordingly, Defendant's motion to substitute the United States for the USPS is granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion (Dkt. 8) to set aside the default is granted and Defendant's motion to dismiss is denied.  Plaintiff's cross motion to determine that service is proper (Dkt. 14) is granted, and the Court declares Plaintiff's late service of the Buffalo United States Attorney and the Attorney General effective *nunc pro tunc*.  Defendant's motion to substitute (Dkt. 18) is

granted.  The Clerk of Court is instructed to substitute the United States as a party for the United States Postal Service.


SO ORDERED.

Dated:      May 13, 2020
            Buffalo, New York


                                         s/ John L. Sinatra, Jr.
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE